**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 26, 2025

S25Y0726.  IN THE MATTER OF ALLEN CHARLES JONES.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the State Disciplinary Review Board addressing a Notice of Reciprocal Discipline issued to Allen Charles Jones (State Bar No. 204842) pursuant to Rule 9.4 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The Notice of Reciprocal Discipline arose out of the Supreme Court of Alabama's September 9, 2024 order disbarring Jones—a resident of Alabama who has been a member of the Alabama State Bar since 2008 and the Georgia State Bar since 2017 — from the practice of law in Alabama. In its Notice of Reciprocal Discipline, the Georgia State Bar stated that Jones's disbarment in Alabama was based on a March 2023 arrest; that Jones failed to notify the State Bar of his arrest or disbarment; that his

conduct violated Rules 8.4(a)(4)[1] and 9.1(a)(3)[2]; and that, prior to Jones's disbarment, he was suspended from the practice of law in Alabama after repeatedly failing to respond to the Alabama State Bar's office regarding his arrest.

On September 23, 2024, the Georgia State Bar mailed a copy of the Notice to Jones's address; on October 28, 2024, the county's Sheriff's Department attempted to serve Jones at his registered address but was not successful; and on November 14 and November 21, 2024, the State Bar served Jones by publication. See Bar Rule 4-203.1. Jones did not acknowledge service nor file a response in the proceeding.

The Review Board then reviewed the record and determined that Jones's conduct would constitute a violation of the disciplinary

---

[1] Rule 8.4(a)(4) provides that "[i]t shall be a violation of the [Rules] for a lawyer to … engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation." The maximum sanction for a violation of this Rule is disbarment.

[2] Rule 9.1(a)(3) provides that "[m]embers of the State Bar of Georgia shall, within sixty days, notify the State Bar of Georgia of … the imposition of discipline by any jurisdiction other than the Supreme Court of Georgia." The maximum sanction for a violation of this Rule is a public reprimand.

rules in Georgia and could result in the similar discipline of disbarment if the same conduct occurred in Georgia. The Review Board then recommended that Jones be disbarred from the practice of law in Georgia. See Rule 9.4(b)(3) (the Review Board shall recommend substantially similar discipline unless the parties object and it clearly appears from the face of the record that certain factors exist which would give the Review Board discretion to make such other recommendation as it deems appropriate).

A review of the record, which includes copies of the Supreme Court of Alabama's disciplinary proceedings and the "Report and Order" of the Disciplinary Board of the Alabama State Bar, reveals that on September 19, 2023, the Alabama State Bar formally charged Jones with violating several provisions of the Alabama Rules of Professional Conduct (ARPC). The Alabama State Bar alleged that, in March 2023, Jones was arrested for smuggling prison contraband to an inmate, possession of cocaine with the intent to distribute, possession of MDMA with the intent to distribute, possession of hydrocodone with the intent to distribute, and crossing

3

the guard line. During a police interview, Jones admitted to smuggling drugs and other contraband to inmates while meeting with them as their attorney, stating that he was paid $500 by a third party to do so. Additionally, Jones admitted that he had smuggled contraband and drugs on multiple occasions. On April 6, 2023, the Alabama State Bar mailed a letter to Jones's address on file advising him that a discipline file had been opened concerning his arrest and instructing him to submit a written response. The Alabama State Bar also tried to contact Jones via email to obtain a written response on March 31, April 6, April 18, and April 25, 2023, and tried to reach Jones by telephone on several occasions. Jones did not respond to the letter, emails, or calls. The Alabama State Bar also contacted Jones's criminal defense attorney, who informed the Alabama State Bar that Jones did not plan to practice law in the future and that he was aware of its efforts to contact him. However, Jones never responded to the Alabama State Bar's allegations. Based on these

facts, the Alabama State Bar alleged that Jones violated ARPC Rules 8.1(b),[3] 8.4(b),[4] and 8.4(g).[5]

The record further indicates that on February 7, 2024, the Alabama State Bar served Jones by publication, and on March 19, 2024, filed a motion for judgment as a matter of law after Jones failed to respond. The following day, the Alabama Disciplinary Board granted the motion, such that Jones was deemed to have admitted the allegations set forth by the Alabama State Bar. The record also includes a transcript of an evidentiary hearing on aggravating and mitigating factors and the appropriate sanction before the Alabama Disciplinary Board, which Jones failed to attend. Ultimately, in its Report and Order, the Alabama Disciplinary Board reiterated the conduct and ARPC violations Jones had admitted by

---

[3] ARPC Rule 8.1(b) provides, in relevant part, that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

[4] ARPC Rule 8.4(b) provides that it is professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[5] ARPC Rule 8.4(g) provides that it is professional misconduct for a lawyer to "[e]ngage in any other conduct that adversely reflects on his fitness to practice law."

virtue of the judgment as a matter of law and recommended disbarment.

On our careful review of the record, we agree that Jones's conduct — which includes his admission that, on multiple occasions, he smuggled drugs and other contraband to inmates while meeting with them as their attorney and was paid $500 by a third party to do so, and his failure to notify the Georgia State Bar of his disbarment in Alabama — would violate Rules 8.4(a)(4) and 9.1(a)(3). We further agree that disbarment is the appropriate sanction in this matter. See *In the Matter of Williams*, 319 Ga. 314, 315 (2024) (explaining that "this Court has generally interpreted the Bar Rules governing reciprocal discipline to require the imposition of substantially similar discipline as was imposed in the other jurisdiction").

Accordingly, it is ordered that the name of Allen Charles Jones be removed from the rolls of persons authorized to practice law in the State of Georgia. Jones is reminded of his duties pursuant to Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*